PER CURIAM.
This is an appeal from a final judgment on the pleadings in a quo warranto proceeding. The circuit judge held that a section of the Charter of the City of South Miami which provided that candidates for the City Council shall be qualified electors did not require that they reside in the city for the six months next preceding the election. The opinion of the trial judge was as follows :
“THIS CAUSE came on for a hearing before the court on April 24, 1972. The Relator seeks the ouster of Respondent Betty J. Andrews as a Councilman of the City of South Miami, on the ground that she was not a resident of the City of South Miami for six months next preceding the election. In her return to the petition for writ of quo warranto, the Respondent denies these allegations and as affirmative defenses, sets forth the facts of her residency with greater particularity than are required by the rules of civil procedure. In addition, however, the Respondent contends that the residency requirements relating to her are void and unconstitutional under the Fourteenth Amendment to the Constitution of the United States for reasons set forth in Dunn v. Blumstein, [405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972)].
“It is not necessary for the Court to take testimony on the question of the Respondent’s length of residency in the City of South Miami, since the Court agrees that there are no valid residency requirements appertaining to the Respondent. The Charter of the City of South Miami, enacted as Chapter 29539, Laws of 1953, in Article II, Section 14(a), provides that:
‘Councilmen shall he qualified electors of the City, shall hold no other public office, and be residents of the City during the tenure of office.’
*544 Thus, the only residency requirement, prior to election, if any, are precisely the same for electors or voters of the City.
“Section 9-2 of the Code of the City of South Miami provides, in part, that electors shall have resided in the City of South Miami six months next preceding any election. This Court expressly finds that the foregoing ordinance of the City of South Miami is void and unconstitutional, and deprives the Respondent of the equal protection of the laws as guaranteed to her by the Fourteenth Amendment to the Constitution of the United States.
“There are no valid pre-election residency requirements enacted by the City of South Miami for either voters or candidates to public office.”
Having examined the briefs and the record and having heard argument of counsel, we hold that error has not been shown.
Affirmed.