QUESTION: May a municipality adopt an ordinance allowing nonresidents of that municipality to qualify for elective municipal office in the absence of a municipal charter provision to the contrary?
SUMMARY: In the absence of a charter provision to the contrary, a municipal governing body may adopt an ordinance allowing nonresidents of the municipality to qualify for elective municipal office. As a general rule, residence within a district or other political unit for which an officer is elected or appointed, however desirable, is not a necessary qualification of an officer in the absence of an express statutory or constitutional provision requiring such residence. [See] 26 Fla. Jur. Public Officers s. 27, p. 187, citing State ex rel. Attorney General v. George,2 So. 81 (Fla. 1887). Accord: Attorney General Opinion 074-234. Cf. Walters v. Andrews, 274 So.2d 543 (3 D.C.A. Fla., 1973), holding that a municipal charter provision which required that electors reside in the municipality 6 months next preceding any election was constitutionally infirm, thus eliminating any valid preelection residency requirements for candidates for elective municipal office who were required by the charter to be "qualified electors." Notwithstanding this general rule, however, you have suggested that s. 114.01(4), F.S., may be determinative of your inquiry. That section provides that an office "shall be deemed vacant" by the incumbent's "ceasing to be an inhabitant of the state, district, county, town or city for which he shall have been elected or appointed." However, s. 114.01 concerns the manner in which vacancies in office may occur, and does not, in and of itself, establish any qualifications — including residence qualifications — for any particular office. In other words, a public officer cannot cease to be an inhabitant of the political entity from which he is elected or appointed, unless he is in fact an inhabitant of such entity; and, unless he is constitutionally or statutorily required to be an inhabitant, his noninhabitance within the boundaries of such entity cannot create a vacancy in his office. Cf. AGO's 055-182, 072-269, and 073-52 which discuss the effect of s. 114.01(4) when an officer, required by other statutory or constitutional provisions to be a resident of the political entity he represents, ceases to reside within the boundaries of that entity. It might be noted, moreover, that Art. X, s. 3, State Const., which first appeared in the 1968 Constitution, provides in pertinent part that a "[v]acancy in office shall occur upon . . . failure to maintain the residence required when elected or appointed." (Emphasis supplied.) To the extent that there is a conflict between this constitutional language and s. 114.01(4), F.S., the constitutional provision should, of course, be given effect. Thus, insofar as your question relates to the existence vel non of a residence requirement for candidates for elective municipal office in the Town of LaCrosse, the aforementioned general rule controls, i.e., in the absence of a statutory or constitutional provision or a municipal ordinance requiring it, residence in that municipality is not necessary. Accord: Attorney General Opinion 075-30. As to whether a residence requirement exists in this instance, the Special Charter Act of the the Town of LaCrosse, Ch. 57-1475, Laws of Florida, provides that the town "shall have the powers and privileges provided by general law to municipalities." There is no specific provision relating to the qualifications of candidates for elective municipal office. With respect to the provisions of general law, Ch. 166, F.S., the Municipal Home Rule Powers Act (Ch. 73-129, Laws of Florida), grants broad home rule powers to municipalities. However, nowhere in that act, or in any other constitutional or general law provision of which I am aware, is it required that a municipal officer reside within the municipality in which he is elected. Section 166.032 relates to the electors voting for municipal officers and not the officers themselves. Thus, although it may be desirable for elected municipal officers of the Town of LaCrosse to reside within the town in order to identify them in interest with the community they represent, see State ex rel. Attorney General v. George, supra, it does not appear that such residence is required by the Constitution or general or special law. Cf. AGO 060-204. Accordingly, your question is answered in the affirmative.